(35 Misc. Rep. 376.)

LIESUM v. KRAUS.

(City Court of New York, General Term.  June, 1901.)

BANKRUPTCY—DISCHARGE.
Where the schedule of a bankrupt described a judgment debtor as George Liesman, and his real name was George Liesum, the bankrupt's discharge did not release the debt as against George Liesum.
Conlan, J., dissenting.

Appeal from special term.

Action by George Liesum against George J. Kraus. Judgment for plaintiff. From an order discharging the judgment on the ground of the discharge of defendant in bankruptcy more than one year before the motion, plaintiff appeals. Reversed.

Argued before CONLAN, O'DWYER, and HASCALL, JJ.

Goeller, Shaffer & Eisler (Robert Goeller, of counsel), for appellant.
Charles L. Hoffman, for respondent.

CONLAN, J. (dissenting). The plaintiff, on the 6th day of April, 1896, recovered a judgment in this court against the defendant, and thereafter, and on June 6, 1899, an order was entered in the district court of the United States for the Southern district of New York by which the defendant was discharged from the payment of his debts and liabilities, and this, as a matter of course, discharged the defendant from all liability under said judgment if his proceedings in the latter tribunal were just and fair. It appears from the record before us that the plaintiff's claim and judgment were correctly inserted as to amount and date in the schedules of the defendant in the proceedings in bankruptcy, but that, through a mere clerical error, the name of the plaintiff was given therein as George Liesman instead of George Liesum. It nowhere appears that there was any attempt made to conceal the indebtedness of the defendant on this judgment, and there was nothing in the record in the United States court to which our attention has been called indicating any fraud or concealment, or any design or intent on the part of the debtor to conceal or suppress the judgment in question; and, finding no reason to disturb the order made at special term, it follows that the same should be affirmed, with costs.

HASCALL, J. Even if the alleged clerical error were a mistake, it was still a serious matter to plaintiff, and defendant should not be permitted to profit by his own wrong. Order reversed, with $10 costs and disbursements, and motion denied.

Order reversed, with $10 costs, and motion denied.

O'DWYER, J., concurs with HASCALL, J.